THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Gloria Noemi Ramirez Caal

| | |
|---|---|
| **GLORIA NOEMI RAMIREZ CAAL,**  Plaintiff  vs.  **CITY OF TRENTON;** **TARA DZURKOC,** and **JOHN DOES 1-10** (fictitious individuals), members of the City of Trenton Police Department and/or the U.S. Marshall's New York/New Jersey Regional Fugitive Task Force; **SHEILAH COLEY,** Police Director; and **JOHN DOES 11-20** (fictitious individuals), Personnel of the City of Trenton Police Department and/or the U.S. Marshall's New York/New Jersey Regional Fugitive Task Force in supervisory capacities;  Defendants. | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON  Civil Action No.:     (   -   )  **COMPLAINT** |

## **JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. Section 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 413 U.S. 388 (1971) and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Sections 1331 and 1343(3). This Court has

supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Gloria Noemi Ramirez Caal residing at 1462 Liberty Street, Trenton, NJ, 08629, Mercer County, is and was, at all times herein relevant, a resident of the State of New Jersey.

3. Defendants Tara Dzurkoc and/or John Does 1-20 were at all times mentioned herein duly appointed and acting police officers of the City of Trenton Police Department and/or the U.S. Marshall's New York/New Jersey Regional Fugitive Task Force and at all times herein were acting in such a capacity as the agents, servants and/or employees of the City of Trenton and/or the U.S. Marshall's New York/New Jersey Regional Fugitive Task Force and were acting under the color of sate law and/or federal authority.

4. Defendants Police Director Sheilah Coley and/or John Does 11-20 were at all times mentioned herein duly appointed and acting members of the City of Trenton Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the City of Trenton and were acting under the color of law.

5. Defendants Police Director Sheilah Coley and/or John Does 11-20 were acting in supervisory capacities over Tara Dzurkoc and/or John Does 1-10 and responsible by law for the training, supervision and conduct of Tara Dzurkoc and/or John Does 1-10.

6. Defendant City of Trenton is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant City of Trenton employed the aforementioned

Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Sheilah Coley, Tara Dzurkoc and/or John Does 1-10.

8. All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On 1/7/20, Defendants Tara Dzurkoc and/or John Does 1-10 arrived at Plaintiff's home to arrest her son as part of a U.S. Marshall's New York/New Jersey Regional Fugitive Task Force operation.

2. After removing Plaintiff's son from the residence, officers proceeded to assault Plaintiff's daughter.

3. Plaintiff is 4 feet 11 inches tall, a native of Guatemala and speaks no English.

4. Plaintiff began recording Defendants' actions with her cell phone.

5. Seeing Plaintiff recording them, Defendants Tara Dzurkoc and/or John Does 1-10 proceeded to use excessive and unreasonable force on Plaintiff's person.

6. Specifically, Defendant Dzurkoc punched Plaintiff " several times with a closed fist in her face" (*according to Defendant Dzurkoc's Affidavit of Probable Cause*) , knocking out her two front teeth.  Defendants John Does 1- 10 also punched and kicked Plaintiff numerous times.

7. Plaintiff was charged with Aggravated Assault on a Law Enforcement Officer, Resisting Arrest and Obstructing the Administration of Laws.

8. The criminal charges brought against Plaintiff were resolved by way of her being accepted into the Pretrial Intervention Program without a plea.  All charges were eventually dismissed.

9. In addition to losing her two upper teeth, Plaintiff sustained various other injuries to her head, neck and back as well as her right leg.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10 committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered physical and emotional injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

4. By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## BIVENS ACTION
## USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10 committed under color of federal authority, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered physical and emotional injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

4. By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tara Dzurkoc and/or John Does 1-10 were City of Trenton Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Tara Dzurkoc and/or John Does 1-10 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10.

4. The unjustified assault and arrest of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Tara Dzurkoc and/or John Does 1-10 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10 and failed to intervene.

6. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained physical and emotional injuries; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT FOUR
### BIVENS ACTION
### 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tara Dzurkoc and/or John Does 1-10 were members of and/or the agents, servants and/or employees of the U.S. Marshall's New York/New Jersey Regional Fugitive Task

Force and at all times mentioned herein were acting under color of federal authority.

3. Defendants Tara Dzurkoc and/or John Does 1-10 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10.

4. The unjustified assault and arrest of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

5. Defendants Tara Dzurkoc and/or John Does 1-10 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Tara Dzurkoc and/or John Does 1-10 and failed to intervene.

6. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained physical and emotional injuries; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT FIVE**
**SECTION 1983 FIRST AMENDMENT RETALIATION**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Tara Dzurkoc and/or John Does 1-10 committed under color of state law and/or in their individual capacities constituted a retaliation

in violation of the First Amendment of the United States Constitution.

3. Specifically, Plaintiff's right to record the police-citizen encounter in her home was constitutionally protected conduct under the First Amendment.

4. Defendants interfered with Plaintiff's constitutionally protected conduct by assaulting her, using excessive and unreasonable physical force on her person and arresting her.

5. By reason of the above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT SIX
### BIVENS ACTION
### FIRST AMENDMENT RETALIATION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Tara Dzurkoc, and/or John Does 1-10 committed under color of state law and/or in their individual capacities constituted a retaliation in violation of the First Amendment of the United States Constitution.

3. Specifically, Plaintiff's right to record the record the police-citizen encounter in her home was constitutionally protected conduct under the First Amendment.

4. Defendants interfered with Plaintiff's constitutionally protected conduct by assaulting her, using excessive and unreasonable physical force on her person and arresting her.

5. By reason of the above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## SECTION 1983 FABRICATION OF EVIDENCE IN VIOLATION OF DUE PROCESS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tara Dzurkoc and/or John Does 1-10 acting under color of state law fabricated evidence against Plaintiff, violating her due process rights under the Fourteenth Amendment.

3. Specifically, Defendants Dzurkoc and/or John Does 1-10 prepared false reports and/or gave false statements in an effort to justify their use of excessive and unreasonable force on Plaintiff's person.

4. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and

punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT EIGHT
## BIVENS ACTION
## FABRICATION OF EVIDENCE
## IN VIOLATION OF DUE PROCESS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tara Dzurkoc and/or John Does 1-10 acting under the color of federal authority fabricated evidence against Plaintiff, violating her due process rights under the Fourteenth Amendment.

3. Specifically, Defendants Dzurkoc and/or John Does 1-10 prepared false reports and/or gave false statements in an effort to justify their use of excessive and unreasonable force on Plaintiff's person.

4. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT NINE
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Coley and/or John Does 11-20 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3. Defendants Coley and/or John Does 11-20 had a duty to prevent subordinate officers Defendants Dzurkoc and/or John Does 1-10 from violating the constitutional rights of citizens and/or detainees.

4. Defendants Coley and/or John Does 11-20 either directed Defendants Dzurkoc and/or John Does 1-10 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. Defendants Coley and/or John Does 11-20 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of City of Trenton Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

6. By reason of the above Plaintiff was deprived of her constitutional rights, sustained physical and emotional injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Coley and/or John Does 11-20 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TEN
## BIVENS ACTION
## SUPERVISORY LIABILITY

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants John Does 11-20 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3.  Defendants John Does 11-20 had a duty to prevent subordinate officers Defendants Dzurkoc and/or John Does 1-10 from violating the constitutional rights of citizens and/or detainees.

4.  Defendants John Does 11-20 either directed Defendants Dzurkoc and/or John Does 1-10 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5.  Defendants John Does 11-20 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of federal law enforcement policies; practices; customs, and/or procedures, and/or failed to discipline officers for such violations.

6.  By reason of the above Plaintiff was deprived of her constitutional rights, sustained physical and emotional injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants John Does 11-20 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT ELEVEN
### SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE
### INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants City of Trenton, City of Trenton Police Director Sheilah Coley and/or John Does 11-20 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the City of Trenton Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

3. Defendants Coley and/or John Does 11- 20 are responsible for training police officers in the use of force and/or were officers in charge when Plaintiff Gloria Noemi Ramirez Caal was assaulted and arrested.

4. At all times mentioned herein, Tara Dzurkoc and/or John Does 1- 10, as police officers, agents, servants and/or employees of Defendant City of Trenton, were acting under the direction and control of Defendants City of Trenton Police Department, Coley and/or John Does 11-20, and were acting pursuant to the official policy, practice or custom of the City of Trenton Police Department.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Trenton, Coley and/or John Does 11-20 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Tara Dzurkoc and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or

negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

      6. Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Trenton, Coley and/or John Does 11-20 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants City of Trenton, Coley and/or John Does 11-20 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

      7. Defendants City of Trenton, Coley and/or John Does 11-20 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of City of Trenton Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

      8. Defendants City of Trenton, Coley and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against, Defendants Dzurkoc, John Does 1-10 and/or other City of Trenton Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-

citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

9. Specifically, Defendants Coley and/or John Does 11-20 were aware of at least three prior excessive force lawsuits filed by other citizens against Defendants Dzurkoc and other Trenton Police Officers: <u>Barlow v. Dzurkoc / City of Trenton, et als</u>. Docket#: MER-L-001616-20, <u>Discher v. Dzurkoc / City of Trenton, et als</u>. Civil Action#: 17-08929 (PGS-TJB) and <u>J.D., et als. v. City of Trenton</u>, et als. Civil Action#: 21-01795 (MAS-ZNQ).

10. Despite their awareness, Defendants City of Trenton, Coley and/or John Does 11-20 failed to employ any type of corrective or disciplinary measures against Defendants Dzurkoc, John Does 1-10 and/or other City of Trenton Police Officers.

11. Defendants City of Trenton, Coley and/or John Does 11-20 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Dzurkoc and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

12. Defendants City of Trenton, Coley and/or John Does 11-20 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

13. Defendants City of Trenton, Coley and/or John Does 11-20, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Tara Dzurkoc and/or John Does 1-10 heretofore described.

14. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her Fourth and Fourteenth Amendment constitutional rights; sustained bodily

injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants City of Trenton, Sheilah Coley and/or John Does 11-20 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT TWELVE
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used and failure to intervene by Defendants Dzurkoc and/or John Does 1-10, set forth at length above, deprived plaintiff of her substantive due process right to be free from unlawful seizure of her person and her fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained physical and emotional injuries; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THIRTEEN
## ASSAULT AND BATTERY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Dzurkoc and/or John Does 1-10 were acting within the scope of their employment as Trenton police officers and/or the U.S. Marshall's New York/New Jersey Regional Fugitive Task Force.

3. Defendants Dzurkoc and/or John Does 1-10 committed an assault and battery on Plaintiff by physically injuring her without justification and/or by putting her in reasonable apprehension of serious and imminent bodily harm.

4. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey.

5. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

   **WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc, the City of Trenton and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOURTEEN
## NEGLIGENCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Dzurkoc and/or John Does 1-10 were acting within the scope of their employment as Trenton police officers and/or the U.S. Marshall's New York/New Jersey Regional Fugitive Task Force.

3. Defendants Dzurkoc and/or John Does 1-10 had a duty to the Plaintiff to not expose her to an unreasonable risk of injury.

4. Through the acts and omissions set forth at length above, Defendants Dzurkoc and/or John Does 1-10 breached that duty.

5. The acts and omissions of the Defendants were in violation of the common law of the State of New Jersey.

6. As a direct and proximate result of their breach of duty to plaintiff, she was caused to suffer significant and permanent physical and emotional injury; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Gloria Noemi Ramirez Caal demands judgment against Defendants Tara Dzurkoc, the City of Trenton and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## **DESIGNATION OF TRIAL COUNSEL**

      Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: April 27, 2021                      */s/ Thomas J. Mallon, Esquire*
                                                    **THOMAS J. MALLON, ESQUIRE**